IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST SESSION, 1998

FILED

September 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

SEAN PATRICK GOBLE,        )     C.C.A. NO. 03C01-9711-CR-00503
                          )
        Appellant,        )
                          )     GREENE COUNTY
V.                        )
                          )
                          )     HON. JAMES E. BECKNER, JUDGE
STATE OF TENNESSEE,       )
                          )
        Appellee.         )     (POST-CONVICTION)

FOR THE APPELLANT:                 FOR THE APPELLEE:

SEAN P. GOBLE, *pro se*            JOHN KNOX WALKUP
R.M.S.I., U-5   B110               Attorney General & Reporter
7475 Cockrill Bend Road
Nashville, TN  37209               ELLEN H. POLLACK
                                   Assistant Attorney General
                                   2nd Floor, Cordell Hull Building
                                   425 Fifth Avenue North
                                   Nashville, TN  37243

                                   C. BERKELEY BELL
                                   District Attorney General
                                   109 South Main Street
                                   Greeneville, TN  37743

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner/Appellant, Sean Patrick Goble, appeals as of right from the trial court's order dismissing his petition for post-conviction relief. The petition was dismissed without an evidentiary hearing.

The record in this case reveals that Petitioner pled guilty to first degree murder on December 15, 1995 and received a sentence of life imprisonment. There was no direct appeal from this conviction. The petition was filed September 5, 1997. In his petition, the Appellant alleges that he filed a petition for post-conviction relief on September 10, 1996, but was "taken to court somewhere else and didn't know the court never received it." The record reflects that he was transferred to another state to answer to criminal charges on or about September 24, 1996 and did not realize that the trial court had never received the purported September 10, 1996 petition until he returned to the custody of the Department of Correction sometime in 1997. However, there is nothing in the record to corroborate the allegation in the petition that a prior, timely petition for post-conviction relief was filed.

Tennessee Code Annotated section 40-30-202 provides in part that when an appeal is not made from a conviction, a petition for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Certain narrow exceptions to the one (1) year limitation period are set forth in Tennessee Code Annotated section 40-30-202(b). The petition fails to allege facts which would form the basis for application of one of the statutory exceptions to the one (1) year limitation period. Therefore, on its face, the petition was filed outside the one (1) year statute of

limitations.  Accordingly, the trial court properly dismissed the petition without an evidentiary hearing.  The judgment of the trial court is affirmed.


_____
THOMAS T.  WOODALL, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge